IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS PLANO
DIVISION

| | | |
|---|---|---|
| DONAMARIE CARRETO, | §<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 3:25-CV-01395 |
| Plaintiff, | §<br>§ | |
| V. | §<br>§ | |
| WALMART STORES, INC., WALMART STORES TEXAS, LLC, WALMART NEIGHBORHOOD MARKET STORE NO. 2976 AND DOES 1 THROUGH 100 | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | JURY TRIAL DEMANDED |
| Defendants. | § | |

## PLAINTIFF'S COMPLAINT AND JURY DEMAND

**TO THE HONORABLE DISTRICT COURT JUDGE:**

**COMES NOW,** Plaintiff, **DONAMARIE CARRETO**, and files this, her Complaint and Jury Demand, against **WALMART STORES, INC., WALMART STORES TEXAS, LLC, AND WALMART NEIGHBORGOOD MARKET STORE NO. 2976 and DOES 1 through 100** for discrimination and failure to accommodate her pregnancy and retaliation pursuant to the Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. § § 2000e – 2000e-17 and the Pregnancy Discrimination Act of 1978, which amended Title VII of the Civil Rights Act of

1

1964, 42 U.S.C. §§ 2000e et seq., and in support thereof would respectfully show as follows:

## I.    THE PARTIES

1. Plaintiff Donamarie Carreto (hereinafter referred to as "Plaintiff") is an individual who resides in Dallas County, Texas and was employee of the Defendants. The Plaintiff may be served through his undersigned counsel of record.

2. Defendant Wal-Mart Stores Texas, LLC (hereinafter referred individually by name or collectively as "Walmart Defendants") is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business at 702 SW 8th Street, Bentonville, Arkansas 72716. Wal-Mart Stores Texas is registered to do business in Texas, and it may be served with process by delivering a summons and a true and correct copy of this Complaint to its registered agent for receipt of service of process, CT Corporation System at 350 N St. Paul St., Suite 2900, Dallas, Texas 75201-4234.

3. Defendant Walmart Neighborhood Market Store No. 2976 (hereinafter referred individually by name or collectively as "Walmart Defendants") is a retail store located in Mesquite, Texas and it may be served with process by delivering a summons and a true and correct copy of this Complaint to its store manager

2

Sandra Cantu, Manager, Walmart Supercenter, Store No. 2976, 915, N, Town E Blvd, Mesquite, Texas 75150.

4. Plaintiff is unaware of the true names and capacities of those Defendants sued herein as Defendants DOES 1through 10, and therefore, sue said Defendants by such fictitious names. Plaintiff is informed and believes, and thereupon alleges, that each of the Defendants designated herein as a DOE, was and is legally, equitably, or in some other actionable manner, responsible for the events and happenings hereinafter referred to, and thereby negligently, carelessly, with deliberate indifference, or by reason of direct or imputed negligence or vicarious fault or breach of duty arising out of the matters herein alleged, legally and proximately caused the hereinafter alleged injuries and damages to the Plaintiff. Plaintiff will hereafter seek leave to amend this Complaint to set forth the true names and identities of the unknown named DOE Defendants when they are ascertained.

5. Plaintiff is informed and believes and thereupon alleges that, at all times mentioned herein, each of the Defendants sued herein was the agent, alter ego, servant, employee, successor-in-interest and/or joint venturer of each of the other defendant(s) and was, as such, acting within the time, place, purpose, scope, and authority of said agency, service, employment, successor-in-interest and/or joint venture and that each and every defendant as aforesaid, when

3

acting as a principal, was negligent in the selection, hiring, training and/or supervision of each and every other defendant as an agent, servant, employee, successor-in-interest and/or joint-venturer.

6. Each Defendant is the agent, servant and/or employee of the other Defendants, and each Defendant was acting within the course and scope of his, her or its authority as an agent, servant and/or employee of the other Defendants. Defendants and each of them, are individuals, corporations, partnerships, and other entities which engaged in, joined in, and conspired with the other wrongdoers in carrying out the tortious and unlawful activities described in this complaint, and Defendants, and each of them, ratified the acts of the other Defendants as described in this Complaint.

## II.    JURISDICTION AND VENUE

6.  This Court has Jurisdiction over the subject matter and parties pursuant to U.S.C. § 1331, as this case involves questions of federal law.

7.  This Court also has jurisdiction pursuant to 28 U.S.C. § 1343 because the Plaintiff seeks damages for violation of her Civil Rights. Specifically, this Court has jurisdiction because this action is being brought by the Plaintiff to recover damages caused by discrimination in employment pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e – 2000e17 and failure to accommodate her pregnancy in violation of and the Pregnancy

Discrimination Act of 1978, which amended Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq.

8.  This Court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367(a) because those claims form part of the same case or controversy under Article III of the United States Constitution. The Plaintiff's state law claims share all common operative facts with his federal law claims and the parties are identical. Resolving the Plaintiff's federal and state law claims in a single action serves the interests of judicial economy, convenience, and fairness to the parties.

9.  Venue is proper in, and Defendants are subject to the personal jurisdiction of this Court because Defendants maintain facilities and business operations in this District, and all or most of the events giving rise to this action occurred in this District. 28 U.S.C. § 1391 (b); 42 U.S.C. § 2000e-5(f)(3).

10. Pursuant to Local Rules of this District, assignment to the Dallas Division of this Court is proper because all or most of the events giving rise to the Plaintiff's claims occurred in Dallas County, Texas.

11. At all times material herein, the Defendants is and have been a "person" and "employer" as defined under Title VII and are accordingly subject to the provisions of each said act.

5

### III.    EXHAUSTION OF ADMINISTRATIVE REMEDIES

12. On or about July 22, 2024, Plaintiff filed a "Charge of Discrimination" describing how the Defendants violated her civil and constitutional rights in detail to the the Equal Employment Opportunity Commission ("EEOC") who then issued charge number 450-2024-09680.

13. The EEOC issued a "Notice of Right to Sue" letter on March 7, 2025 for EEOC charge number 450-2024-09680, that provided Plaintiff with 90-days to file this lawsuit under federal law which she has complied with by filing this lawsuit on June 3, 2025.

14. The Walmart Defendants had actual notice of the charge and an opportunity to participate in conciliation.

### IV.    FACTUAL ALLEGATIONS

15. On or about May 26, 2023, the Plaintiff began her position as an Academy Trainer.

16. On or about July 19, 2024, the Plaintiff submitted a note from her physician requesting an accommodation that she not be required to lift objects heavier than 20 pounds due to her pregnancy to the Walmart Defendants' human resource representative Deorrah Kankiah.

17. In response, the Plaintiff's Walmart Defendants' supervisor informed her that the Walmart Defendants would not accommodate her pregnancy and told her to take a leave of absence for her maternity leave.

18. However, Plaintiff did not intend to take her maternity leave for another four months and needed to work to save money for her newborn.

19. Although the Plaintiff asked to work any other position that did not require her to lift more than 20 pounds, the Walmart Defendants refused to accommodate her and in doing so, the Walmart Defendants have violated the Pregnancy Discrimination Act of 1978, which amended Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., and prohibits discrimination on the basis of pregnancy, childbirth, or related medical conditions.

20. When the Plaintiff filed a complaint with the EEOC in a quest to have the Walmart Defendants accommodate her pregnant condition, they retaliated by terminating her on or about July 19, 2024.

21. As a result of the Walmart Defendants' violation of the Pregnancy Discrimination Act and subsequent retaliation, Ms. Carreto's civil rights have been violated and she has been emotionally and financially devastated.

## V.   CAUSES OF ACTION

### COUNT I: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT – DISCRIMINATION AND FAILURE TO ACCOMMODATE

22. The Plaintiff restates and incorporates by reference the foregoing paragraphs of this complaint, as if set forth in full herein.

23. The actions of the Walmart Defendants, through its management, agents, servants, and employees, in discriminating against the Plaintiff on the basis of her pregnancy, and failing to provide reasonable accommodation for her disability, constituted violations of the Pregnancy Discrimination Act of 1978, which amended Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., and prohibits discrimination on the basis of pregnancy, childbirth, or related medical conditions (hereinafter referred to as the "Pregnancy Act").

24. As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Walmart Defendants in violation of the Pregnancy Act, the Plaintiff sustained permanent and irreparable harm, resulting in her termination from employment, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

25. As a further direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Walmart Defendants in violation of the Pregnancy Act, the Plaintiff suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

26. The Plaintiff has and continue to be damaged by Walmart Defendants' conduct and seeks its actual damages, exemplary damages, pre and post judgement interest, costs, and Attorneys' fees.

## COUNT II: VIOLATION OF THE PREGNANCY DISCRIMINATION ACT – RETALIATION

27. The Plaintiff restates and incorporates by reference the foregoing paragraphs of this complaint, as if set forth in full herein.

28. The actions of the Walmart Defendants, through its management, agents, servants, and employees, in retaliating against The Plaintiff for requesting a reasonable accommodation, and for opposing unlawful disability discrimination in the workplace, constituted a violation of the Pregnancy Act.

29. As a direct result of the aforesaid unlawful retaliatory employment practices engaged in by the Walmart Defendants in violation of the Pregnancy Act, the Plaintiff sustained permanent and irreparable harm resulting in the termination of her employment, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, front pay, and interest due thereon.

30. As a further direct result of the aforesaid unlawful retaliatory employment practices engaged in by the Walmart Defendants in violation of the Pregnancy Act, the Plaintiff suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

31. The Plaintiff has and continues to be damaged by Walmart Defendants' conduct and seeks its actual damages, exemplary damages, pre and post judgement interest, costs, and Attorneys' fees.

## COUNT III: VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT – SEX DISCRIMINATION AND HOSTILE WORK ENVIRONMENT

32. The Plaintiff restates and incorporates by reference the foregoing paragraphs of this complaint, as if set forth in full herein.

33. The Walmart Defendants subjected the Plaintiff to a hostile working environment and sex discrimination based on her sex and pregnant condition, as detailed above.

34. The Plaintiff was forced by Walmart Defendants to endure a hostile work environment that was severe and pervasive based on the nature of the harassment, including egregious statements made by numerous Walmart employees expressing animus towards the Plaintiff' because she was a pregnant woman.

35. The Plaintiff considered the aforementioned conduct to be harassing and discriminatory, and reported said conduct, both verbally and in writing, to numerous management level employees of Walmart Defendants.

36. Despite being repeatedly informed and having knowledge that the Plaintiff was being harassed and discriminated against because of her sex and pregnant

condition, Walmart Defendants did nothing to address the hostile work environment and failed to investigate or otherwise cause the discriminatory conduct to cease.

37. Rather than cause the discriminatory conduct to cease or otherwise accommodate the Plaintiff, Walmart Defendants forced the Plaintiff to continue to endure slurs from its employees.

38. Accordingly, Walmart Defendants' discriminatory acts have deprived the Plaintiff of equal employment opportunities because of her sex and pregnant condition in violation of Title VII.

39. As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Walmart Defendants in violation of Title VII, the Plaintiff sustained permanent and irreparable harm, resulting in the loss of his employment, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

40. As a further direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Walmart Defendants in violation of Title VII, the Plaintiff has suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

41. The Plaintiff has and continues to be damaged by Walmart Defendants' conduct and seeks its actual damages, exemplary damages, pre and post judgement interest, costs, and Attorneys' fees.

### COUNT IV: VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT– RETALIATION

42. The Plaintiff restates and incorporates by reference the foregoing paragraphs of this complaint, as if set forth in full herein.

43. The actions of the Walmart Defendants, through its agents, servants, and employees, in subjecting The Plaintiff to retaliation for opposing unlawful discrimination in the workplace, constituted a violation of Title VII.

44. Walmart Defendants terminated The Plaintiff employment in retaliation for registering numerous complaints of discrimination in the workplace.

45. The reason articulated for The Plaintiff' termination is pretextual, and her employment was terminated in retaliation for opposing unlawful discrimination in the workplace.

46. As a direct result of the aforesaid unlawful retaliatory practices engaged in by the Walmart Defendants in violation of Title VII, the Plaintiff sustained permanent and irreparable harm, resulting in the loss of her employment, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

47. As a further direct result of the aforesaid unlawful retaliatory employment practices engaged in by the Walmart Defendants in violation of Title VII, the Plaintiff suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

48. The Plaintiff has and continues to be damaged by Walmart Defendants' conduct and seeks its actual damages, exemplary damages, pre and post judgement interest, costs, and Attorneys' fees.

## VI.    **PRAYER**

**WHEREFORE,** Plaintiff respectfully requests that this Court enter Judgment in favor of Plaintiff and against the Walmart Defendants and award the following relief:

a. Declaratory relief, including but not limited to a declaration that the Defendant discriminates against individuals based on their pregnancy and sex in violation of the Pregnancy Discrimination Act and the Civil Rights Act Title VII;

b. Appropriate injunctive relief, including but not limited to reinstatement of Plaintiff's position with Walmart Defendants and an order restraining the Walmart Defendants from engaging in further discriminatory conduct of the types alleged in this Complaint;

c. Back pay in an amount to be determined at trial;

d. In the event reinstatement is not granted, front pay;

13

e.  Compensatory and consequential damages, including for emotional distress against the Walmart Defendants;

f.  Punitive damages against the Walmart Defendants;

g.  Pre-judgment and post-judgment interest at the highest lawful rate;

h.  Attorneys' fees and costs in prosecuting this action; and

10. Any such further relief as the Court deems appropriate.

## VII.   <u>CERITIFICATION</u>

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information and belief that this Complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Respectfully submitted,

**Robinius, Espinosa & Wietzel, LLC**

By:

**Mark Robinius**
**Texas State Bar No. 24025865**
**6060 North Central Expressway**
**Suite 212**
**Dallas, Texas 75206**
**Phone: 972-487-3785**
**Fax: 972-205-9421**
**Email: RSHlawfirmllp@gmail.com**
**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I do hereby certify that on June 3, 2025 a true and correct copy of the foregoing Amended Complaint has been served on all parties of record via the CM/ECF system and Citations have been requested from the Clerk.

**Mark Robinius**

15